Filed 12/10/13  P. v. Garcia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARTIN RIOS GARCIA,<br><br>    Defendant and Appellant. | H039505<br>(Santa Clara County<br>Super. Ct. No. C1237734) |

A jury found Martin Garcia (defendant) guilty of two counts of carrying a concealed dirk or dagger.  (Pen. Code, § 21310, counts one and two.)  Following a bench trial, the court found true the allegations that defendant had suffered a prior strike conviction and had served two prior prison terms.  (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, 667.5, subd. (b).)  Subsequently, the court sentenced defendant to state prison for 32 months on count one with a concurrent term of 32 months on count two.

Defendant filed a timely notice of appeal.

Defendant's appointed counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* was being requested.

On August 16, 2013, we notified defendant of his right to submit written argument on his own behalf within 30 days. That time has passed and we have not received a response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there are no arguable issues on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id*. at p. 110.)

*Facts and Proceedings Below*

The Santa Clara County District Attorney charged defendant by information filed on October 4, 2012, with two counts of carrying a concealed dirk or dagger. In the information, the District Attorney alleged that defendant had suffered a prior strike conviction and had served two prior prison terms. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, 667.5, subd. (b).)

At trial, the evidence established that shortly after 6:00 p.m. on July 25, 2012, San Jose Police Officer Enrique Duran was on patrol in an unmarked police car with his partner Officer Ramirez. Officer Duran saw defendant engaged in an argument with a young woman. According to Officer Duran, when defendant and the young woman saw him they walked away into an apartment complex. Officer Duran stopped the patrol car; after he got out of the car he walked toward defendant and then searched him.[1] In the right rear pocket of defendant's pants Officer Duran located two fixed blade knives that were in a sheath; he found a folding knife in the same pocket.

Officer Duran testified that the fixed blade knives had sharp points and the edges of the knives could cut skin if wielded with sufficient force, however, they lacked the sharpness of a kitchen knife.

_____

[1] The parties stipulated that Officer Duran conducted a lawful search of defendant.

2

The jury deliberated for less than an hour before finding defendant guilty as charged. As noted, subsequently, the court found true the allegations that defendant had suffered a prior strike conviction and had served two prior prison terms. The prosecutor presented evidence in the form of certified copies of the record of defendant's prior conviction in case number CC597993, for inflicting corporal injury on a spouse or cohabitant, in which defendant admitted that he had caused great bodily injury to the victim; and certified copies of abstracts of judgment that showed that defendant had served a prison term for that case and in case number C1071869.

Before sentencing, defendant brought a motion requesting that the court reduce his convictions to misdemeanors and to strike his prior strike conviction. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.) At the sentencing hearing, after defense counsel emphasized that the probation officer should have given more credit to the fact that defendant had completed his G.E.D. during one of his periods in custody, the court denied both requests. As to the *Romero* motion, the court found that defendant's prospects for staying crime free were poor. His criminal history revealed that he had engaged in a pattern of "continuous illegal activity." Further, the strike prior involved the infliction of serious injuries to the victim. Moreover, at the time of the present offenses, defendant was on parole and had two outstanding arrest warrants. The court recognized that defendant had a long term problem with drug addiction, but noted that he had made minimal efforts to address his addiction and thus remained a threat to the public. In sum, the court found that defendant did not fall outside the spirit of the three strikes law.[2]

Accordingly, the court sentenced defendant to 32 months in state prison—the low term of 16 months on count one doubled because of the prior strike conviction (Pen. Code, § 667, subd. (e)(1)); and a concurrent term of 32 months on count two (the low

---

[2] The court denied the motion to reduce counts one and two to misdemeanors "for many of the reasons that are intertwined with reasons for denying the *Romero*, but also the facts surrounding the defendant's conviction, and also prospects."

term of 16 months doubled).  The court struck the additional punishment for the prison priors pursuant to Penal Code section 1385.  The court imposed various fines and fees and awarded defendant credit for time served of 336 days—168 actual days and 168 days of conduct credits.

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.  At all times, defendant was represented by competent counsel.

*Disposition*

The judgment is affirmed.


_____

ELIA, Acting P. J.


WE CONCUR:


_____

MIHARA, J.


_____

GROVER, J.